THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
               Plaintiff, )    CASE NO. C-04-5608RJB
 )
    v. )    CONSENT DECREE AND
 )    ORDER OF DISMISSAL
ALLSTAR MAGNETICS, INC., )
 )
               Defendant. )
 )

## I. INTRODUCTION

1. This action originated with a discrimination charge filed by Melisa Kadic ("Ms. Kadic" or "Charging Party") with the U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"). The Charging Party alleged, <u>inter alia</u>, that Allstar Magnetics, Inc. ("Allstar") discriminated against her based on her sex (pregnancy) at its Vancouver, Washington facility in violation of § 703 of Title VII, 42 U.S.C. § 2000e-2(a), when Defendant terminated her from her shipping clerk position in December 2002.

2. The EEOC sent Defendant a Letter of Determination with a finding of reasonable cause that it had violated Title VII dated May 12, 2004.

3. The EEOC filed this lawsuit on September 21, 2004 in the United States District Court for the Western District of Washington at Tacoma on behalf of the Charging Party and a potential class of similarly situated females (hereinafter, "the Class" or individually, "Class Member"), alleging that Defendant had discriminated against Charging Party and a potential Class based on their pregnancy since November 2002.

4. Allstar denied all of the foregoing allegations.

5. The parties want to conclude fully and finally all claims arising out of the EEOC's complaint, and the charge of discrimination filed with EEOC by Charging Party. They enter into this Consent Decree to further the objectives of equal employment as set forth in Title VII.

## II. NONADMISSION OF LIABILITY AND NONDETERMINATION BY THE COURT

6. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Defendant of a violation of Title VII.

## III. JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practice alleged to be unlawful in the EEOC's complaint filed herein occurred within the jurisdiction of the United States District Court for the Western District of Washington.

## IV. SETTLEMENT SCOPE

8. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in the complaint filed on behalf of Charging Party and the potential Class, including all claims for attorney fees and costs. The scope of this Consent Decree will be limited to Allstar's Vancouver, Washington facility. The Consent Decree resolves all issues and claims arising out of this complaint, and is binding and final as to all such issues and claims.

## V. MONETARY RELIEF

9. In settlement of this lawsuit, Allstar agrees to provide a total of $25,000 to Charging Party

for non-economic, emotional upset damages or before April 30, 2005, with copies to the EEOC. No monetary relief will be provided to any Class Member.

## VI. AFFIRMATIVE AND OTHER RELIEF

A. General Provisions

10. Allstar its officers, agents, managers, assistant managers and other supervisors at its Vancouver, Washington facility and all human resource professionals who provide advice and assistance to the foregoing individuals will refrain from engaging in practices which constitute discrimination based on an employee's sex (pregnancy), and which constitute retaliation for an individual engaging in protected EEO activity. In recognition of its obligations under Title VII, Allstar will institute the policies and practices set forth below to the extent that such policies and practices have not heretofore been instituted.

B. Anti-Discrimination Polices and Procedures

11. Allstar will evaluate and, where appropriate, modify the practices of its managers and supervisors in order to continue to prevent discrimination, and retaliation. Allstar will continue to provide training to its managers and supervisors to understand its Equal Employment Opportunity ("EEO") policies and how those policies define and identify what constitutes discrimination and retaliation, and will make managers and supervisors personally accountable by linking their performance appraisals and compensation to the effective implementation of its EEO policies.

12. Within one-hundred-and-eighty (180) days of the date of the effective date of this Consent Decree, Allstar will: (a) review its EEO policy and the method and/or administrative process in which internal complaints are investigated, and revise it as necessary to ensure that it adequately prohibits discrimination, and retaliation, addresses Allstar's obligation to provide a work environment free of discrimination, and retaliation for its employees, and reaffirms its commitment not to retaliate against any employee for engaging in protected EEO activity, _e.g._, filing an internal discrimination complaint, and/or filing a charge with the EEOC; and (b) distribute its EEO policy to all present and future employees, both management and non-management at its Vancouver, Washington facility.

C. Training

13.     Within one-hundred-and-eighty (180) days of the execution of this Consent Decree, Allstar will develop and present to all managers, assistant managers, and supervisors at its Vancouver, Washington facility, all managers with oversight responsibilities for its Vancouver, Washington facility, and all human resource professionals who provide advice and assistance to the foregoing individuals, no less than two (2) hours of face-to-face training by a qualified trainer on employment discrimination, and retaliation for engaging in protected EEO activity.  Allstar also agrees to provide at least one (1) hour of training on employment discrimination and retaliation to the employees at its Vancouver, Washington facility.  The EEOC will have an opportunity to review the training materials prior to the training date. By the end of the third year of this Consent Decree, Allstar will require: (1) all managers, assistant managers and supervisors at its Vancouver, Washington facility, all managers with oversight responsibilities for its Vancouver, Washington facility, and all human resource professionals who provide assistance to the foregoing individuals to complete an additional two (2) hours of face-to-face training by a qualified trainer on employment discrimination and retaliation; and (2) all employees at its Vancouver, Washington facility to complete at least one (1) additional hour of training on employment discrimination and retaliation.

D.     <u>Expungement of Records</u>

14.     Allstar will not disclose any information or make reference to any charge of discrimination that is the subject of the lawsuit or this lawsuit in responding to employment reference requests for information about Charging Party.  Furthermore, Allstar will change Charging Party's December 2002 termination to a voluntary resignation for purposes of employment reference requests.

15.     Allstar will expunge from the personnel file of Charging Party, any reference to Charging Party's discrimination charge against Allstar and this lawsuit.  If Charging Party wishes to do so, Allstar will permit her to review her personnel file to ensure that all such references have been expunged.  Allstar will not add any information or references to the personnel file of Charging Party regarding this charge of discrimination and this lawsuit after such references have been expunged.

E.     <u>Policies Designed to Promote Supervisor Accountability</u>

16.     Allstar will continue to advise all managers and supervisors of their duty to ensure

compliance with its EEO policies, and to report any incident or complaint of discrimination, or retaliation, of which they become aware. If a manager or supervisor violates Allstar's EEO policies, he/she may be subject to discipline up to and including termination and compensation may be affected. Allstar. will also remind all managers and supervisors that there will be no retaliation against any employee for reporting or relaying any incident of discrimination or retaliation under Allstar's EEO policy, or for participating in or conducting an investigation of such an incident.

17. Allstar agrees that it shall include "commitment to equal employment opportunity" or similar designation as a criterion for qualification for evaluation of supervisory positions.

F. Reporting

18. Allstar shall report in writing and in affidavit form to the EEOC beginning six (6) months from the date of the entry of this decree, and thereafter annually at the end of year two and year three of the decree the following information:

a. Certification of the completion of training and list of attendees set forth in Paragraph 13 above, and a list of all attendees including job titles.

b. Certification that its EEO policy has been sent to all current and newly hired employees as described in Paragraph 12 above.

c. A list of any changes, modifications, revocations or revisions to its EEO policies and procedures which concern or affect the subject of discrimination and retaliation.

d. A summary of all discrimination and retaliation complaints, if any, filed by employees working at Allstar's Vancouver, Washington facility which are reported to management and the resolution of each complaint; and

e. A statement listing the other provisions of this Decree that Allstar is required to perform and certifying that Allstar. has complied with the terms of the Decree.. If Allstar has not complied with any term of the Decree, the statement will specify the areas of non-compliance, the reason for the noncompliance, and the steps taken to bring Allstar into compliance.

G. Posting

CONSENT DECREE - ALLSTAR MAGNETICS, INC. - 5

19. Allstar will post a Notice, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at Allstar's Vancouver, Washington facility for the duration of the Consent Decree.

## VI. ENFORCEMENT

20. If the EEOC determines that Allstar has not complied with the terms of this Decree, the EEOC will provide written notification of the alleged breach to Allstar. The EEOC will not petition the Court for enforcement of the decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute, or for Allstar to cure the breach. In those cases where it would take longer than thirty (30) days to cure the breach, Allstar may have such additional time as may be necessary by agreement with the EEOC so long as Allstar takes all reasonable efforts to cure the breach within the thirty (30) day period.

## VIII. RETENTION OF JURISDICTION

21. The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of the decree.

## IX. DURATION AND TERMINATION

22. This Decree shall be effect for three (3) years beginning the day the Court approves the Consent Decree. If the EEOC petitions the Court for breach of the Decree, and the Court finds Allstar to be in violation of the terms of the Decree, the Court may extend the duration of the Decree.

## X. CONCLUSION

23. The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

Dated this 28th day of April, 2005.

| | |
|---|---|
| A. LUIS LUCERO, JR.<br>Regional Attorney | ERIC S. DRIEBAND<br>General Counsel |
| KATHRYN OLSON<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| DAMIEN A. LEE<br>Trial Attorney | GWENDOLYN YOUNG REAMS<br>Associate General Counsel |
| BY:  s/ A. Luis Lucero, Jr.<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Seattle District Office<br>909 First Avenue, Suite 400<br>Seattle, Washington 98104<br>Telephone (206) 220-6915<br>Facsimile: (206) 220-6911<br>Damien.Lee@eeoc.gov | EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Office of the General Counsel<br>1801 "L" Street NW<br>Washington, D.C. 20507 |

Attorneys for Plaintiff EEOC

BY:  s/ Gregory D. Ferguson
Gregory D. Ferguson
Scott T. Deutsch
LAW OFFICES OF GREGORY D. FERGUSON, P.C.
1104 Main St., Suite 216
Vancouver, WA   98660
Telephone: (360) 906-1167
Facsimile: (360) 695-5800
Greg@greg-ferguson.com
Scott@greg-ferguson.com

Attorneys for Defendant

CONSENT DECREE - ALLSTAR MAGNETICS, INC. - 7

**ORDER APPROVING CONSENT DECREE**

The Court having considered the foregoing stipulated agreement of the parties, IT IS HEREBY ORDERED THAT the foregoing Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees to any party. The Court retains jurisdiction of this matter for purposes of enforcing the Consent Decree approved herein.

DATED this 9th day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge

# ALLSTAR MAGNETICS, INC.
## NOTICE TO ALL ALLSTAR MAGNETICS, INC. EMPLOYEES

**F**ederal law prohibits an employer from discriminating against any individual based on the individual's sex or pregnancy with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination.  Federal law also prohibits retaliation against any individual by an employer because the individual complains of discrimination, cooperates with an Allstar Magnetics' and/or a government agency's investigation of a charge of discrimination, participates as a witness or potential witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

**A**ny employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.

**S**hould you have any complaints of discrimination, you should contact your supervisor, or any upper level management individual.

**E**mployees have the right to bring complaints of discrimination and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle District Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, 206/220-6883, 1-800-699-4000, or the Washington State Human Rights Commission at 711 S, Capitol Way, Suite 402, P.O. Box 42490, Olympia, WA, 98504-2490, 1-800-233-3247.  Any Allstar Magnetics employee or applicant may also contact Allstar Magnetics' Human Resources at (360) 693-0213.

**T**his notice has been posted in mutual resolution of <u>EEOC v. Allstar Magnetics, Inc.</u>, CV 04-5608RJB (W.D. Wa.).